## TEBBETTS & a. v. MOORE.

It is no proof of the authority of a party to make purchases for another, that on former occasions the latter has paid accounts in which articles were included which had been so purchased in his name, if it appear that he was ignorant that such things were embraced in the account.

ASSUMPSIT, for goods sold and delivered. The action had been referred to an auditor, who had notified and heard the parties, and made a report, and was afterwards tried upon the general issue.

The auditor's report was read to the jury as evidence, in which it was stated that certain articles, of the value of nine dollars and forty-eight cents, "were proved to have been delivered to the sons of the defendant; but as it was not shown that they had any authority to receive them, the auditor did not allow them."

The auditor added : " It was proved that the sons of the defendant had previously obtained goods at the store of the plaintiffs, and that on settlements the defendant had paid for them among other charges; but it also appeared that the defendant did not know that the items delivered to his sons were included in the accounts so settled."

No other evidence in relation to this subject was laid before the jury.

The court charged the jury that the facts stated in the auditor's report were not evidence of any authority on the part of the sons to bind the defendant, and that though such circumstance might have misled the plaintiffs and induced them to deliver the goods now in question to the sons, yet the jury could not infer any authority to the sons to contract debts on the father's account, nor would he be liable for any debt so contracted.

To this direction the plaintiffs excepted.

The jury found a verdict for the defendant; and the plaintiffs moved for a new trial upon the foregoing exception.

It was thereupon ordered that the questions arising upon the foregoing case be reserved and assigned for the decision of this court.

*Marston*, for the plaintiffs.

The instructions of the court below were erroneous. Agency may be inferred from the relation of the parties. 2 Kent Com. 614–15; 2 Greenl. Ev. 65; Story Agency, § 56 and §§ 84 to 105; 2 Stark. Ev. 58–59; 2 Stark. Rep. 324; 1 Esp. Rep. 61; 5 Esp. Rep. 76; 1 Ld. Raym. 224; *Martin* v. *Great Falls Man. Co.* 9 N. H. Rep. 54.

*Hatch*, for the defendant.

Woods, J.  No objection is made that the auditor's report was permitted to be read to the jury, in the form in which it was offered.  We can therefore take no other view of it than as containing a statement of facts properly laid before the jury.  It finds that the articles in question were ordered by the sons of the defendant, in his name, and by the plaintiffs delivered to the sons and charged to the father. That on former occasions articles had in like manner been delivered by the plaintiffs to the same individuals, and the defendant had paid for them, without objection, but without knowing that articles so ordered and delivered were included in the account.

Two clear propositions may be stated upon these facts. First, the relation in which sons stand to a father involves no authority on their part to contract debts in his name and in his behalf.  They cannot bind him by their acts, without authority emanating from his own will to do so, any more than mere strangers can.  In the case of things necessary for their support, the relation of a father to his sons may be shown in aid of other proof of the authority of the latter; but such is not the present case.

The second proposition is that the ground upon which

Tebbetts *v.* Moore.

the law raises a presumption of authority in an agent from a course of previous acts, is that those acts have been done with the consent or acquiescence of the principal, and, of course, with his knowledge. For to say that one has assented to an act without knowing that it has been performed, is an absurdity in terms. Perhaps the facts which are commonly received and are legally admitted as evidence of this knowledge may sometimes exist consistently with a want of it. And such is the nature of evidence in general. But proof that the supposed principal knew of the acts shown in evidence of the agency, is always required.

Among the strongest acts of ratification is payment. It is evidence that the party knew and approved of the act so ratified. But it is evidence which may be rebutted, and is rebutted in the present case, by proof which satisfied the mind of the auditor, and, as was suggested in the outset, must satisfy us. The judge therefore correctly instructed the jury that no inference could legally be made from the payments made by the defendant for articles ordered by his sons and delivered to them by the plaintiffs, such payment having been made without any knowledge on the defendant's part that he was paying for such things ; and there must be

*Judgment on the verdict.*